UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG SIMONSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STANISLAUS COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>　　　　Defendants. | **Case No. 1:16-cv-00290-LJO-MJS (PC)**<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED AS DUPLICATIVE OF 1:16-CV-00126-LJO-MJS**<br><br>**(ECF No. 1)** |

Plaintiff is a county jail inmate proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. He has declined Magistrate Judge jurisdiction. (ECF No. 15.) No other parties have appeared.

Plaintiff initiated this action on February 12, 2016 against Defendants Singh, Wigt, and the Stanislaus County Sheriff's Department. (ECF No. 1.) His complaint is awaiting screening by the Court. On September 1, 2016, it was determined that this lawsuit was brought against defendants and raised claims substantially similar to those in a suit filed by Plaintiff on January 27, 2016: Simonson v. Singh, Case No. 1:16-cv-00126-LJO-MJS. (ECF No. 18.) Consequently, the Court issued an order reassigning Case No. 1:16-cv-

00290 to the undersigned, before whom Case No. 1:16-cv-00126 was already pending. (Id.)

The Court now finds that the claims raised in Case No. 1:16-cv-00290 were already raised in Case No. 1:16-cv-00126, rendering the instant complaint duplicative of the older complaint.

"District courts retain broad discretion to control their dockets and '[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal.'" Adams v. California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007) (*overruled on other grounds by* Taylor v. Sturgell, 553 U.S. 880, 904 (2008)) (quoting Thompson v. Hous. Auth. Of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam)). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams, 497 F.3d at 688; see also Curtis v. Citibank, N.A., 226 F.3d 133, 138-39 (2d Cir. 2000); Walton v. Eaton Corp., 563 F.2d 66, 70-71 (3d Cir. 1977) (en banc), cited with approval in Russ v. Standard Ins. Co., 120 F.3d 988, 990 (9th Cir. 1997)).

"Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Adams, 497 F.3d at 688 (quoting Walton, 563 F.2d at 70; see also Curtis, 226 F.3d at 138-39; Serlin v. Arthur Andersen & Co., 3 F.3d 221, 223-24 (7th Cir. 1993)).

"To determine whether a suit is duplicative, we borrow from the test for claim preclusion." Adams, 497 F.3d at 688. "[T]he true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit." Id. (quoting The Haytain Republic, 154 U.S. 118, 124 (1894)). "Thus, in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same."

Adams, 497 F.3d at 689.  (see The Haytian Republic, 154 U.S. at 124 ("There must be the same parties, or, at least, such as represent the same interests; there must be the same rights asserted and the same relief prayed for; the relief must be founded upon the same facts, and the . . . essential basis, of the relief sought must be the same." (internal quotation marks omitted)); Curtis, 226 F.3d at 140 (holding that the trial court did not abuse its discretion in dismissing "Curtis II claims arising out of the same events as those alleged in Curtis I," which claims "would have been heard if plaintiffs had timely risen them"); Serlin, 3 F.3d at 223 ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions") (internal quotation marks omitted)).

Here, both of Plaintiff's complaints allege that on December 25, 2015, Defendant T. Singh threatened to shove his baton in Plaintiff's anus and taunted Plaintiff with homophobic slurs. They both allege that Defendant Singh also chained Plaintiff to a bench for twelve hours, thus forcing Plaintiff to sit in his own waste, and laughed about it. The complaints further allege that Defendant Wigt "singled out" Plaintiff and retaliated against him. Plaintiff accuses these Defendants of cruel and unusual punishment, harassment, hate crimes, retaliation, and other related offenses, and seeks monetary relief as well as injunctions directing Defendants to stop their abuses. Further, while both complaints name the Stanislaus County Sheriff's Department in their captions, the Sheriff's Department appears nowhere in the body of either complaint, and neither complaint attributes any constitutional violations to the Sheriff's Department. Based on the similarity of these facts and claims, the Court finds that Case No. 1:16-cv-00290 is duplicative of Case No. 1:16-cv-00126. Plaintiff will therefore be directed to show cause, within fourteen days of this order, why Case No. 1:16-cv-00290 should not be dismissed as duplicative.[1]

---

[1] The Court notes that Case No. 1:16-cv-00290 mentions in passing that "[D]eputy Ballard continues [singling Plaintiff out] where [Defendant Wigt has] stopped." Deputy Ballard is not named as a Defendant in Case No. 1:16-cv-00290 (and is not named at all in Case No. 1:16-cv-00126). It is not clear what, if any, constitutional claim Plaintiff intends to state against Deputy Ballard. Furthermore, Federal Rule of Civil Procedure 10(a) requires all Defendants be named in the caption of the complaint. The Court therefore will not consider Deputy Ballard to be a party to Case No. 1:16-cv-00290. If Plaintiff intended otherwise, he should make this clear in his response to the Order to Show Cause.

3

Based on the foregoing, IT IS HEREBY ORDERED THAT:

1. Within fourteen days of this order, Plaintiff must SHOW CAUSE why Case No. 1:16-cv-00290 should not be dismissed as duplicative of Case No. 1:16-cv-00126.
2. If Plaintiff fails to respond, or his response fails to show good cause for Case No. 1:16-cv-00290 to remain open, the undersigned will recommend this case be dismissed, without prejudice, as duplicative.

IT IS SO ORDERED.

Dated:   November 28, 2016          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE